**In re PROGRESSIVE CHOICE INSURANCE COMPANY,**

*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).*

**Progressive Choice Insurance Company, Petitioner,**

**v.**

**United States District Court for the Southern District of California, San Diego, Respondent,**

**Christina Elizabeth Palmer Geraci, Real Party in Interest.**

**No. 12–73128.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2013.\*

Filed March 04, 2013.

Steven S. Fleischman, Esquire, Horvitz & Levy LLP, Encino, CA, Patrick M. Howe, Patrick M. Howe, Attorney at Law, San Diego, CA, for Petitioner.

Stephen G. Recordon, Recordon & Recordon, San Diego, CA, Robert K. Scott, Esquire, Law Offices of Robert K. Scott, Irvine, CA, for Real Party in Interest.

Before: PREGERSON, W. FLETCHER, and NGUYEN, Circuit Judges.

MEMORANDUM \*\*

Petitioner Progressive Choice Insurance Co. ("Progressive") petitions for mandamus to vacate the district court's order requiring Progressive to produce emails it

*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.*

**646**

claims are protected by attorney-client privilege. The magistrate judge held that Progressive waived its attorney-client privilege under California law based on its prior disclosures. The district court adopted the magistrate judge's order.

This court considers five factors in granting mandamus:

> (1) whether the petitioner has no other adequate means, such as a direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in any way not correctable on appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order is an oft repeated error or manifests a persistent disregard of the federal rules; and (5) whether the district court's order raises new and important problems or issues of first impression.

*Perry v. Schwarzenegger*, 591 F.3d 1147, 1156 (9th Cir.2010) (citing *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654–55 (9th Cir.1977)). "[T]he absence of the third factor, clear error, is dispositive." *Id.* (quoting *Burlington N. & Santa Fe Ry. v. U.S. Dist. Court*, 408 F.3d 1142, 1146 (9th Cir.2005)) (internal quotation marks omitted).

The district did not clearly err in determining that Progressive waived its privilege under California law. Because the district court's interpretation finds support under current California case law, mandamus is inappropriate. Progressive cannot establish the necessary third factor, and so we deny the petition.

Progressive's motion for judicial notice is denied.

**DENIED.**